IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

   Respondent,

V.           CRIMINAL NO. 3:91-00114-02
             (CIVIL ACTION NO. 3:04-1022)

MUJADDID R. MUHAMMAD,

   Movant.

## FINDINGS AND RECOMMENDATION

In December of 1991, Mujaddid R. Muhammad, known as Stacey Lamar Marsh when charged in this Court, was convicted by a jury of, inter alia, conspiring to distribute cocaine base, and in February of 1992 he was sentenced to a term of imprisonment of 384 months[1] to be followed by five years of supervised release.  His conviction and sentence were affirmed on appeal. Subsequently, in February of 1998,[2] relief was denied by this Court on a §2255 motion, and the denial was affirmed by the Court of Appeals for the Fourth Circuit.  United States v. Marsh, Nos. 94-7481, 98-6408, 1998 WL 738532 (4th Cir. October 22, 1998).  Citing amendments to the

---

[1]  His sentence included a sixty-month consecutive sentence for possession of a firearm during a drug trafficking crime.

[2] Following an initial appeal from the court's denial of relief, the case was remanded by the court of appeals for consideration of Bailey v. United States, 516 U.S. 137 (1995).

1

Sentencing Guidelines, Muhammad has now filed a motion under the provisions of 18 U.S.C. §3582(c)(2) asking the Court to reduce his sentence.

Section 3582(c)(2) authorizes the Court to reduce a sentence when the Sentencing Commission has lowered "a sentencing range," if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." The "policy statements" referred to are found at U.S.S.G. §1B1.10 and provide for a reduction in sentence if an amendment is "listed in subsection (c) below... .'" U.S.S.G. §1B1.10(a). If, however, "none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) is not consistent with this policy statement and thus is not authorized." Id. The amendments relied on by Muhammad – Amendment 439, effective November 1, 1992, clarifying §1B1.3 and Amendment 503, effective November 1, 1994, amending Commentary to §1B1.3 – are not listed in §1B1.10(c) and, as a consequence, provide no basis for relief under §3582(c)(2). The cases relied on by movant are distinguishable. Thus, United States v. Capers, 61 F.3d 1100 (4th Cir. 1995), involved a direct appeal in which the Court was concerned with treatment of a "presentencing clarifying amendment" at sentencing or on direct appeal. Id. at 1109. In United States v. Goines, 357 F.3d 469 (4th Cir. 2004), also relied on by movant, the Court was concerned with the characterization of an amendment which was listed in U.S.S.G. §1B1.10(c). Id. at 473-74. More recently, in a decision which does govern here, the Court of Appeals for the Fourth Circuit, joining "'sister circuits ... established a bright-line rule that amendments in §3582(c) motions may be retroactively applied solely where expressly listed under §1B1.10(c).'" United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004), quoting United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

While there has been some discussion in the cases concerning the propriety of raising guideline amendments in §2255 motions, as the Court pointed out in <u>McHan</u>, that does not appear to be a viable option.  <u>United States</u> v. <u>McHan</u>, <u>supra</u> at 623.[3]  In movant's case such a motion would, in any event, be successive.

### RECOMMENDATION

On the basis of the foregoing, it is **RESPECTFULLY RECOMMENDED** that Muhammad's §3582 motion for sentence reduction be denied.

Movant and respondent are hereby notified that a copy of  these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases,  the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and  Recommendation to which objection is made and the basis for such  objection.  The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made  in accordance with the provisions of 28 U.S.C. §636(b) and the parties  are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court  based on such Findings and Recommendation.  Copies of objections shall  be served on all parties with copies of the same to Judge Chambers and  this Magistrate Judge.

---

[3] Movant has supplemented his motion, referencing  <u>United States</u> v. <u>Booker</u>, 543 U.S. 220 (2005); however, as the Court has pointed out in its opinion on Muhammad's motion to reconsider his sentence, <u>Booker</u> does not apply retroactively to cases on collateral review.

3

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED:  May 12, 2006

MAURICE  G.  TAYLOR,  JR.
UNITED  STATES  MAGISTRATE  JUDGE