IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Respondent,

v.                                              CRIMINAL ACTION NO. 3:91-00114-02
                                              (CIVIL ACTION NO. 3:04-1022)

MUJADDID R. MUHAMMAD,

        Petitioner.

**MEMORANDUM OPINION AND ORDER**

In December 1991, Petitioner Mujaddid R. Muhammad, then known as Stacey Lamar Marsh, was convicted by a jury of conspiring to distribute cocaine base. He was subsequently sentenced in February 1992 to a term of imprisonment of 384 months to be followed by five years of supervised release. Petitioner's conviction and sentence were affirmed on appeal. After an unsuccessful § 2255 motion, Petitioner filed a motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). The basis for the motion was an amendment to the Sentencing Guidelines, which clarified that a defendant may only be accountable for the conduct of others when the conduct was reasonably foreseeable. On May 12, 2006, Magistrate Judge Taylor submitted findings and recommendations denying Petitioner's motion. On May 26, 2006, Petitioner filed his objections to the recommendation.

        Section 18 U.S.C. 3582(c)(2) states, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that...in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...upon motion of the defendant...the court may reduce the term of imprisonment, after considering

the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The policy statements referred to in the statute are found at U.S.S.G. §1B1.10, which states that a reduction is authorized by the statute if the defendant's guideline range "has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below." The statement continues, "[i]f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized."

Magistrate Judge Taylor correctly found that the amendments relied upon by Petitioner, Amendment 439, effective November 1, 1992, clarifying § 1B1.3 and Amendment 503, effective November 1, 1994, amending Commentary to § 1B1.3, are not listed under §1B1.10(c). Thus, Magistrate Taylor determined that Petitioner's motion should be denied.

Petitioner's objections rest upon his argument that after *United States v. Booker*, 543 U.S. 220 (2005), the courts are no longer bound by the policy statement within the Guidelines. Thus, this Court may consider any amendment to the Guidelines, and not just those listed in §1B1.10(c), in considering a modification of a sentence under § 3582(c)(2).

After reviewing the objections, this Court agrees with the Magistrate Judge that Petitioner has no basis for relief under § 3582(c)(2). Congress has provided this Court with the statutory authority to modify a sentence in limited circumstances. The Magistrate Judge correctly concluded that because the amendments relied upon by Petitioner are not expressly listed under §1B1.10(c), this Court lacks the authority under § 3582(c)(2) to retroactively apply the amendment to reduce his sentence.

The Court is bound by the authority given it by Congress under § 3582(c)(2), which expressly states that the Court may only reduce a sentence if such a reduction is consistent with the policy statements issued by the Sentencing Guidelines. Even if, as Petitioner argues, *Booker* stands for the proposition that a court deciding a motion under § 3582(c)(2) is not bound by the policy statements contained within the Sentencing Guidelines, *Booker* is not applicable to Petitioner's case. As the Fourth Circuit has held, the *Booker* rule " is not available for post-conviction relief for federal prisoners...whose convictions became final before *Booker* (or *Blakely*) was decided." *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). Petitioner's conviction was final well before *Booker* was decided. Therefore, *Booker* does not apply.

For the reasons stated, the Court **ADOPTS** the findings and recommendations of the Magistrate Judge and **DENIES** Petitioner's motion for sentence reduction. The Court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to the petitioner and counsel, the U.S. Attorney's Office, and the U.S. Probation Office.

       ENTER:  July 26, 2006

       _____
       ROBERT C. CHAMBERS
       UNITED STATES DISTRICT JUDGE